## Fill in this information to identify your case:

**Debtor 1** Lionel Aaron Barona
First Name · Middle Name · Last Name

**Debtor 2**
(Spouse, if filing) First Name · Middle Name · Last Name

United States Bankruptcy Court - District of Hawaii

Case number 26-00500
(If known)

---

☐ Check if this is an amended plan. Complete confirmation hearing information below before serving and filing.

<u>CONFIRMATION HEARING ON AMENDED PLAN</u>: Date: _____ Time: _____

---

<u>Local Form H113</u> (04/2026)

# Chapter 13 Plan

| Section 1: | Notices |
|---|---|

<u>Note</u>: In a joint case, reference to a debtor includes both Debtor 1 and Debtor 2. Whenever there are check boxes in this plan providing a choice, "None" or "Not included" will be presumed if no boxes are checked.

**To Debtors:** This form sets out permissible options for chapter 13 cases in the District of Hawaii. The text of the provisions in this form plan may not be altered. Any nonstandard provision must be stated in § 11 of this plan and you must check "included" in § 1.3 below. Any nonstandard provision placed elsewhere is ineffective. You must serve this plan on the trustee and all creditors.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation. Failure to file a timely objection means that you accept the plan. If no one files a timely objection, the court may cancel the hearing and confirm the plan without further notice. *See* Bankruptcy Rule 3015. If you wish to receive payments under a confirmed plan, you must file a timely proof of claim, even if the plan mentions your claim.

*The debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked or unchecked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in § 4.4, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 4.6 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in § 11 | ☐ Included | ☑ Not included |

| Section 2: | Plan Payments and Length of Plan |
|---|---|

**2.1** Debtor will make monthly payments to the trustee as follows.

$ 1,315 x 51 months = $ 67,065          Duration of this plan (months): 60

$ 1,609.46 x 9 months = $ 14,485.14

Additional funding (*see § 11*): $ _____          Estimated payment of unsecured claims:

Plan Base (Total plan payments before turnover of § 2.4 income tax refunds): $ 81,550.14

Under this plan: 1.87 % dividend

In chapter 7 liquidation: 0 % dividend

U.S. Bankruptcy Court - Hawaii   #26-00500   Dkt # 5   Filed  06/10/26   Page 1 of 9

**2.2**    **Liquidation Analysis.** If the debtor's assets were liquidated in a chapter 7 case, unsecured creditors would receive not more than $_____0_____. Each holder of claims in Class 8, 9, and 10 will receive at least as much under this plan as they would receive in such a liquidation.

**2.3**    **Timing and Amounts of Payments.** Regular payments to the trustee shall be made in a form acceptable to the trustee and will begin no later than 30 days after the filing of the chapter 13 petition or the order converting the case to chapter 13. List any payments by wage deduction orders and details of any step-up or supplemental payments (other than tax refunds) in § 11. The debtor may make, and the trustee may disburse, payments in excess of the Plan Base.

**2.4**    **Income tax refunds.** *Check one.*

   ☐   The debtor will submit annually as supplemental plan payments all income tax refunds received during the plan term, except to the extent that a tax refund is exempt, received on account of a child tax credit or earned income credit, or subject by law to setoff, recoupment, or similar disposition, to the extent permitted under 11 U.S.C. § 553. Within 14 days after filing, debtor must provide the trustee a copy of each income tax return filed and, if requested, the statement described in 11 U.S.C § 521(f)(4). If the debtor is entitled to receive a refund from one governmental entity but owes tax to another governmental entity for the same time period, such amounts may be set off against each other and only the net balance, if any, shall be turned over to the trustee.

**2.5**    ☑   The debtor will retain any income tax refunds received during the plan term but must submit to the trustee any information requested under 11 U.S.C. § 521(f), including copies of filed tax returns and current income and expense information.

**2.6**    ☐   **"100% Plan."** A 100% dividend shall be paid to allowed nonpriority unsecured creditors. The debtor shall file a motion to modify the plan within 60 days after the passage of the governmental claims bar date if filed claims require increased plan funding.

**2.7**    **Increase in Plan Base or Duration to Provide Adequate Plan Funding.** The debtor and trustee may agree to post-confirmation increases in the Plan Base and duration to provide for adequate plan funding and may submit a stipulated order to the court for approval without notice and hearing.

   **Effective Date of Plan.** The effective date of the plan is the date of entry of the order confirming this plan.

## Section 3:   Classification of Claims

**3.1**    **Need to file proof of claim and determination of classification.** Every creditor, including every secured creditor, must file a proof of claim to receive distributions from the trustee, even if this plan mentions the creditor's claim. The trustee may rely on information on the face of the proof of claim and may disregard information contained in any attachments to the proof of claim. Unless the court orders otherwise, the proof of claim shall determine the amount, classification (secured/priority/general unsecured), and distribution priority of a claim.

**3.2**    **Secured claims.** (*Do not include a secured claim in more than one class.*)

   **Class 1**    Secured claims where (a) the debtor was in default on the petition date and (b) the claimant's rights are not modified by this plan, except for the curing of the default.

   **Class 2**    Secured claims that mature prior to the projected date of the last payment due under this plan or any other secured claim that is to be paid in full through the plan by the trustee.

   **Class 3**    Secured claims which the debtor proposes to limit to the value of the collateral by requesting a determination under 11 U.S.C. § 506(a) and Bankruptcy Rule 3012(b) ("lien strips").

   **Class 4**    Secured claims excluded from 11 U.S.C. § 506.

   **Class 5**    Secured claims subject to avoidance under 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d).

   **Class 6**    Secured claims that are satisfied by the debtor's surrender of the collateral.

   **Class 7**    Secured claims where the debtor was not in default on the petition date and this plan does not modify the claimant's rights, and any other secured claim not provided for in this plan.

U.S. Bankruptcy Court - Hawaii   #26-00500   Dkt # 5   Filed   06/10/26   Page 2 of 9

**3.3 Unsecured claims.**

**Class 8** Priority unsecured claims, such as domestic support obligations and certain types of taxes.

**Class 9** Nonpriority unsecured claims that are given special treatment, such as a consumer debt on which another individual is liable.

**Class 10** All other nonpriority (general) unsecured claims.

| Section 4: | Treatment of Secured Claims |
|---|---|

**4.1 Pre-confirmation adequate protection payments to secured creditors and payments to lessors.** *Check all that apply.*

☑ **None.**

☐ The debtor will make adequate protection or lease payments directly to parties listed below and will provide evidence of payment to the trustee.

☐ The trustee will make adequate protection or lease payments under 11 U.S.C. § 1326(a)(1)(B) or (C) to parties listed below, beginning as soon as practicable after the creditor files a proof of claim. After confirmation, the trustee shall make distributions as provided elsewhere in this plan. If no payment amount is specified, the monthly adequate protection payment amount shall be 2% of the estimated value of the collateral, unless stated otherwise in § 11.

| Creditor/Lessor | Subject property (and est. value if adequate protection) | Mo. pmt. |
|---|---|---|
| N/A | | |

**4.2 Class 1: Secured claims where (a) the debtor was in default on the petition date and (b) the claimant's rights are not modified by the plan, except for the curing of the default.** *Check one.*

☑ **None.**

☐ **Class 1 claims will be treated as follows.**

- **Retention of lien and claimholder's rights.** A holder of a Class 1 claim will retain its lien until the underlying debt is paid in full under nonbankruptcy law. This plan does not modify the holder's rights other than by curing the default by paying the prepetition arrearage, *i.e.*, the regular installments of principal, accrued and unpaid interest and other charges, such as attorney fees and collection costs, that became due before the petition date regardless of any acceleration.

- **Claim amount.** Unless the court orders otherwise, the amounts of the current installment payment and arrearage listed on a timely filed proof of claim or notice of payment change control over any contrary amounts listed below.

- **Cure payments by trustee**. Unless a Class 1 creditor agrees to different treatment, the trustee will make distributions to cure the prepetition arrearage on each Class 1 claim in the amount stated in the proof of claim. Distributions will include interest at the contract rate stated in the proof of claim, only on the portion of the arrearage representing principal due. (If a Mortgage Proof of Claim Attachment has been filed, this itemization is noted in Part 3 of Form 410A.) Each Class 1 creditor shall apply these payments only to the prepetition arrearage. The trustee shall make no payment to a creditor if the creditor does not file a proof of claim, if the proof of claim states that the arrearage is $0.00, none, or the like, or if the arrearage amount is left blank, and the trustee shall not pay interest on any portion of the arrearages unless the proof of claim states the interest rate and the principal portion of the arrearage.

- **Postpetition maintenance payments.** Unless specifically noted otherwise in § 11, the debtor, and not the trustee, shall pay directly to each Class 1 creditor or its agent each payment first becoming due without acceleration after the petition date ("postpetition installments"), as and when due under the applicable agreement and applicable law, but the amount of the postpetition installments shall be determined as if the claim was not in default on the petition date. Each Class 1 creditor must apply the postpetition installments only to the debtor's postpetition obligations.

U.S. Bankruptcy Court - Hawaii  #26-00500  Dkt # 5  Filed  06/10/26  Page 3 of 9

| | Creditor | Collateral | Maturity date | Est. arrearage | Est. mo. pmt. |
|---|---|---|---|---|---|
| Principal residence | N/A | | | | |
| Other Class 1 property | N/A | | | | |

**4.3**    **Class 2: Secured claims that mature prior to the projected date of the last payment due under this plan, or any other secured claim that is to be paid in full, with interest, through the plan by the trustee.** *Check one.*

[✓] **None.**

[ ] **Class 2 claims will be treated as follows.**

- The claims listed below will be paid in full under the plan with interest at the contract rate stated in the proof of claim unless a different rate is stated below. Unless otherwise ordered by the court, the claim amount stated on a timely filed proof of claim controls over any contrary amount stated below. The difference between the amount designated as secured in the proof of claim and the total amount stated on the creditor's proof of claim will be treated as a Class 10 unsecured claim, except to the extent that the proof of claim asserts priority (Class 8) or this plan provides for special treatment (Class 9).

| | Creditor | Collateral | Claim amt. | Maturity date | Interest rate | Est. monthly payment |
|---|---|---|---|---|---|---|
| N/A | | | | | | |

*List additional claims in § 11 or in an attachment.*

**4.4**    **Class 3: Secured claims which the debtor proposes to limit to the value of the collateral by requesting a determination under 11 U.S.C. § 506(a) and Bankruptcy Rule 3012(b) ("lien strips").** *Check one.*

[✓] **None.**

[ ] **Class 3 claims will be treated as follows (*effective only if the applicable box in § 1 of this plan is checked and the plan is served on affected creditors in the same manner as a summons and complaint under Rule 7004*).**

- **Request to value collateral to determine amount of secured claim(s).** For each claim listed in **Attachment A: Addendum to Section 4.4, Motion to Determine Amount of Secured Claim**, the debtor asserts that the amount of the secured claim should be that listed as *Amt. to be treated as secured.*

- **Secured claim by governmental unit.** If the debtor seeks a determination of the amount of a governmental unit's secured claim, the debtor must list the proposed amount in **Attachment A** and also file a motion that substantially conforms to the local form **Motion to Determine Amount of Secured Claim** and serve the motion on the governmental unit in the same manner as a summons and complaint.

- **Payments by trustee.** Unless the claim holder agrees to different treatment, the trustee shall make distributions to pay a Class 3 claim sufficient to pay the allowed amount of the claim plus interest at the rate stated in § 10.3, unless a different rate is stated in **Attachment A.** The difference between the amount determined to be secured and the total amount stated on the creditor's proof of claim will be treated as a Class 10 unsecured claim, unless the proof of claim asserts priority (Class 8) or this plan provides for special treatment (Class 9). Unless the court orders otherwise, the amount of the creditor's total claim listed on the proof of claim controls.

- **Retention of lien.** A holder of a Class 3 claim will retain its lien until the earlier of (a) full payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate.

- <u>**List Class 3 claims in ATTACHMENT A: ADDENDUM TO SECTION 4.4, attached at end of plan**</u>. For creditors holding security interests in more than one item of collateral, list below the total amount the creditor will be paid on its security interests (*i.e.*, all real and personal property) after modification, together with interest.

| | Creditor | Est. amt. of secured claim | Combined value of <u>all</u> collateral | Combined amt. to be treated as secured | Interest % |
|---|---|---|---|---|---|
| N/A | | | | | |

U.S. Bankruptcy Court - Hawaii   #26-00500   Dkt # 5   Filed   06/10/26   Page 4 of 9

**4.5    Class 4: Secured claims excluded from 11 U.S.C. § 506 because they are subject to the final paragraph of 11 U.S.C. § 1325(a), e.g., "910 car claims."** *Check one.*

[✓] **None.**

[ ] **Class 4 claims will be treated as follows.**

- The claims listed below were either (a) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims may not be bifurcated into secured and unsecured portions, but the debtor proposes the duration of payments and interest rate as specified below.

- These claims will be paid in full under the plan with interest at the contract interest rate stated in the proof of claim, unless a different rate is stated below. Unless the court orders otherwise, the claim amount stated on a timely filed proof of claim controls over any contrary amount listed below. For Class 4 claims that include an unsecured portion, that portion will be treated as a Class 10.

| Creditor | Collateral | Claim amt. | Interest rate | Est. mo. pmt. |
|---|---|---|---|---|
| N/A | | | | |

*List additional claims in § 11 or in an attachment.*

**4.6    Class 5: Secured claims subject to avoidance under 11 U.S.C. § 522(f).** *Check one.*

[✓] **None.**

[ ] **Class 5 claims will be treated as follows (*effective only if the applicable box in § 1 of this plan is checked and the plan is served on affected creditors in the same manner as a summons and complaint under Rule 7004*).**

- The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed in **Attachment B: Addendum to Section 4.6, Request to Avoid Lien under § 522(f)** impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). A judicial lien or security interest securing a claim listed in **Attachment B** will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as a Class 10 unsecured claim to the extent allowed, unless entitled to priority (Class 8) or special treatment (Class 9). The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim with interest at the contract rate stated on the face of the proof of claim, unless a different rate is specified in **Attachment B.** *See* 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *Attach a separate Attachment B for each lien to be avoided.*

- <u>List Class 5 claims in ATTACHMENT B: ADDENDUM TO SECTION 4.6, attached at end of plan.</u>

**4.7    Class 6: Secured claims to be satisfied by the surrender of collateral.** *Check one.*

[✓] **None.**

[ ] **Class 6 claims will be treated as follows.**

The trustee shall make no distributions on a Class 6 secured claim. The debtor shall surrender the collateral as of the effective date of the plan. If the total amount of the claim exceeds the value of collateral, as indicated in the creditor's timely filed proof of claim or a court order, the deficiency will be treated as a Class 10 unsecured claim, unless entitled to priority (Class 8) or special treatment (Class 9). If the creditor does not complete the space for the value of the collateral on the face of the proof of claim, the creditor will have no deficiency claim. Entry of the order confirming this plan will terminate the automatic stay under 11 U.S.C. § 362(a) and the codebtor stay under 11 U.S.C. § 1301(a) as to the debtor, codebtor(s), and the bankruptcy estate, to permit the creditor whose collateral is being surrendered to receive, repossess, or foreclose upon that collateral and to exercise its rights and remedies as to its collateral under applicable nonbankruptcy law, but no deficiency or money judgment may be obtained without further court order.

| Creditor | Collateral to be surrendered | Claim amt. | Est. deficiency |
|---|---|---|---|
| N/A | | | |

*List additional claims in § 11 or in an attachment.*

**4.8    Class 7: Secured claims where (a) the debtor was not in default on the petition date and (b) the rights of the creditor are not modified by this plan.** *Check one.*

☐ None.

☑ **Class 7 claims will be treated as follows.**

A holder of a Class 7 claim will retain its lien until the underlying debt is paid in full under nonbankruptcy law. The debtor shall make all regularly scheduled contractual payments coming due postpetition. If a creditor files a timely proof of claim stating that there was an arrearage on the petition date for a claim identified below, the claim shall be treated as a Class 1 claim. If the proof of claim states that the arrearage amount is $0.00, none, or the like, or if the arrearage amount is left blank, the trustee shall make no distribution on the claim. Excepting tax liens, a secured claim not provided for in Class 1 to 6 will be treated as Class 7. Tax liens will be treated as Class 2 with interest at the rate stated on the proof of claim. If a holder of a Class 7 claim files a proof of claim that is partially or entirely unsecured, the entire claim will be paid directly by the debtor.

| Creditor | Collateral | Contractual payment | Maturity date |
|---|---|---|---|
| ALLY FINANCIAL | 2020 KIA RIO | $294.46 / MONTH | SEPT., 2030 |

*List additional claims in § 11 or in an attachment.*

**4.9    Effect of relief from automatic and codebtor stays.** As soon as practicable after the trustee receives notice of an order unconditionally permitting a secured creditor to foreclose on or repossess its collateral, the trustee shall cease making distributions on all claims secured by such collateral except for funds then being held by the trustee for distribution, unless the court orders otherwise. This does not affect the number or amount of payments due from the debtor under the plan.

---

**Section 5:    Treatment of Administrative Fees and Class 8 Priority Claims**

---

**5.1    Trustee's Fees.** The trustee's fees are governed by 28 U.S.C. § 586(e) and may change during the case.

**5.2    Debtor's attorney fees.** *Check one.*

☐ Debtor's attorney is "opting out" of the fee guidelines and will file separate administrative fee applications.

☑ Debtor's attorney fees will be awarded as allowed administrative expenses as part of plan confirmation in accordance with the Chapter 13 Attorney Fee Guidelines and pertinent local rules adopted in this district.

   a. Total attorney fees:      $ 5,650

   b. Debtor paid prepetition:  $ 2,527

   c. To be paid by trustee:    $ 3,123          (+ applicable "success fee" if provided for in Chapter 13 Rights, Responsibilities and Fee Agreement)

**5.3    Class 8a: Priority unsecured claims such as domestic support obligations and taxes shall be paid in full without interest unless otherwise indicated.**

**Domestic support obligations.**

- **Postpetition obligations.** The debtor shall pay directly all domestic support obligations (DSOs) due postpetition, whether or not a proof of claim is filed.

- **Prepetition arrearage.** If a proof of claim for a prepetition domestic support arrearage is filed, the trustee shall pay the claim in full unless 11 U.S.C. § 1322(a)(4) applies.

| Name of creditor | Amount of arrearage |
|---|---|
| N/A | |
| *DSO assigned or owed to governmental unit to be paid less than full amount – requires a term of 60 months* | *Est. mo. pmt.* |
| N/A | |

*Insert additional claims as needed in an attachment.*

U.S. Bankruptcy Court - Hawaii   #26-00500   Dkt # 5   Filed  06/10/26   Page 6 of 9

### 5.4    Class 8b: Other priority claims, such as taxes.

| Creditor | Type of priority | Est. claim amt. | Interest rate |
|---|---|---|---|
| INTERNAL REVENUE SERVICE | 11 U.S.C. § 507(a)(8) | $37,322 | 0% |
| STATE OF HAWAII | 11 U.S.C. § 507(a)(8) | $28,654 | 0% |

*Insert additional claims as needed in an attachment.*

---

**Section 6:    Treatment of Class 9 and Class 10 Nonpriority Unsecured Claims**

### 6.1    Class 9: Nonpriority unsecured claims to be given special treatment, such as co-signed debts. *Check one.*

☑ **None.**

☐ The Class 9 claims listed below shall be paid in full, with interest if so indicated.

| Creditor | Reason for special treatment | Est. claim amt. | Interest rate |
|---|---|---|---|
| N/A | | | |

*Insert additional claims as needed in an attachment.*

### 6.2    Class 10: All other allowed nonpriority unsecured claims.

These claims will be paid, pro rata, from any funds remaining after disbursements have been made to all other creditors provided for in this plan. These claims will be paid without postpetition interest.

---

**Section 7:    Executory Contracts and Unexpired Leases**

### 7.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☐ **None.**

☑ **Assumed items.** Current installment payments shall be disbursed directly by the debtor, as specified below, and subject to any postpetition changes in amount. Any prepetition arrearage under a contract or lease listed below in an amount stated in a timely filed proof of claim shall be treated as a claim in Class 1, with interest paid pursuant to § 10.3, unless specified otherwise below.

| Creditor under contract/lease | Current pmt. | Est. arrearage | Treatment: Class 1, 9, other |
|---|---|---|---|
| ALOHA ISLE PROPERTIES CORP. | $2,500 | $0 | CLASS 1 |

*Insert additional contracts and leases as needed in an attachment.*

---

**Section 8:    Order of Distribution Payments by Trustee**

### 8.1    As soon as practicable after plan confirmation, the trustee will make the monthly payments required in §§ 4 through 7 in the following order, paid pro rata within each level of distribution or as ordered by the court.

a.    Trustee's statutory fee

b.    The debtor's attorney fees allowed under applicable rules and guidelines

c.    Claims in Class 1-5 and claims under executory contracts and unexpired leases if designated as Class 1 claims

d.    Class 8 priority unsecured claims and administrative expenses

e.    Class 9 special nonpriority unsecured claims

f.    Class 10 nonpriority unsecured claims

U.S. Bankruptcy Court - Hawaii   #26-00500   Dkt # 5   Filed  06/10/26   Page 7 of 9

| Section 9: | Vesting of Property of the Estate |
|---|---|

**9.1**    **Property of the estate will vest in the debtor** upon entry of an order confirming this plan, *except* any claims against third parties and undisclosed assets. If the case is converted to a case under another chapter, or is dismissed, the property of the estate shall vest in accordance with applicable law.

Regardless of vesting of property of the estate: (a) the trustee is not required to file tax returns for the estate or insure any estate property and (b) the court shall be empowered to enforce Bankruptcy Rule 3002.1, and to provide any other relief necessary to effectuate this plan, the orderly administration of this case, and the protection of property of the debtor and property of the estate.

| Section 10: | Miscellaneous Provisions |
|---|---|

**10.1**    **Debtor's duties.** The debtor must: (a) make timely plan payments and carry out this plan; (b) comply with the debtor's obligations under the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and any applicable local orders and guidelines; (c) file all postpetition federal, state, and local tax returns, and pay all postpetition taxes as they come due, including, if applicable, any requisite estimated income taxes and/or federal tax deposits for payroll taxes; (d) file amended schedules to disclose any property acquired postpetition, including any inheritance, property settlement, claims against third parties, or insurance proceeds, that becomes estate property under 11 U.S.C. § 1306(a)(1); (e) file, if requested, updated schedules I and J or other statement made under penalty of perjury showing monthly income of the debtor, and how income, expenditures, and monthly income are calculated, on each anniversary of plan confirmation; (f) provide any financial information requested by the trustee, including that regarding a business; (g) maintain insurance as required by any law, contract, or security agreement on all vehicles and real or personal property subject to a security interest in the amount of the outstanding claim of the creditor or value of the collateral, whichever is less, unless the court orders otherwise; (h) if the debtor operates a business, maintain liability and other insurance as requested by the trustee; (i) pay timely to the court-ordered recipient all domestic support obligations that come due after commencement of the case; (j) obtain court approval before encumbering, selling, or otherwise disposing of any **personal** or **real property** other than in the ordinary course of the debtor's business; and (k) obtain the trustee's written approval before incurring any new debt, or modifying any existing debt, exceeding $5,000 over the plan term. The debtor may also seek a court approval to incur a new debt or modify an existing debt with a stipulated order. New debt includes any obligation to repay a withdrawal or loan taken from the debtor's retirement account (401(k), TSP, etc.). **The debtor understands that failure to comply with any of these obligations may justify dismissal of this case, conversion to another chapter, or other relief.**

**10.2**    **Tax returns and tax refunds submitted to trustee.** Failure timely to submit federal, state, and local income tax returns and refunds as required by § 2.4 may result in dismissal or conversion of the case.

**10.3**    **Interest rate.** The standard interest rate on certain claims is calculated periodically as the national prime rate of interest plus 1.5% and is posted at the court's website. The interest rate with respect to a tax claim or an administrative expense tax is governed by 11 U.S.C. § 511.

**10.4**    **Cure payments for prepetition arrearages.** For all purposes, including but not limited to 12 U.S.C. § 2601 et seq., and Reg. X ("Regulation X"), 24 C.F.R. § 3500.17(i)(2), all claims shall be deemed reinstated and current upon the entry of an order confirming this plan. No creditor shall be excused from any obligation imposed by law or contract to provide notices of payment changes, interest rate changes, escrow account statements, other account statements, or similar information to the debtor. All creditors shall promptly file copies of such notices and statements with the court.

**10.5**    **Postpetition obligations paid directly by debtor.** If this plan provides for the debtor to pay directly any postpetition obligations to a creditor, any postpetition fees, expenses, or charges, including those alleged to be due under Bankruptcy Rule 3002.1(a), (c), or (e), are the personal responsibility of the debtor and, unless the court orders otherwise, these postpetition fees, expenses, or charges shall not be paid by the trustee or through the plan.

**10.6**    **Limited stay relief.** Notwithstanding 11 U.S.C. §§ 362 and 1301, any secured creditor may transmit to the debtor and codebtor payment coupon books and other statements, notices of payment changes or interest rate changes, escrow account statements, and other statements concerning postpetition obligations, if such documents conform to bankruptcy-specific forms required by a federal statute, regulation, or rule, or contain a conspicuous disclaimer that they are being provided for informational purposes only and are not a demand for payment.

**10.7**    **Student loan debt.** A debt of the kind specified in 11 U.S.C. § 523(a)(8) will not be discharged upon completion of the plan unless the debtor has obtained a determination by the court that paying the debt would impose an undue hardship on the debtor and the debtor's dependent.

**10.8**    **Proposed contributions from recovery on prepetition litigation or consumer claims.** If the plan proposes such contributions, the debtor shall file a declaration that no such recovery was realized or that all net recovery was contributed as plan payments.

U.S. Bankruptcy Court - Hawaii   #26-00500   Dkt # 5   Filed  06/10/26   Page 8 of 9

## Section 11:   Nonstandard Plan Provisions

[✓] **None.**

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in Local Form Plan H113 or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

*Attach addendum if needed.*

## Section 12:   Signatures

**By filing this document, each person signing below certifies that (a) the wording and order of the provisions in this plan are identical to those contained in Local Form H113, other than any nonstandard provisions included in § 11, (b) that the plan has been proposed in good faith, (c) that the information provided in this plan is true and correct to the best of the debtor's knowledge, and (d) that the debtor will be able to make all plan payments and otherwise comply with plan provisions.**

**✗** _____
Signature of Debtor 1

Executed on _6/10/2026_
       MM / DD / YYYY

**✗** _____
Signature of Attorney for Debtor(s)

**✗** _____
Signature of Debtor 2

Executed on _____
       MM / DD / YYYY

Date _6/10/2026_
    MM / DD / YYYY

U.S. Bankruptcy Court - Hawaii   #26-00500   Dkt # 5   Filed   06/10/26   Page 9 of 9